Henry O. BATES et al., Appellants,

v.

Thomas PRATHER, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1955.

Elmer Drake and Virgil Fowler, Lexington, for appellants.

Marshall A. Dawson, Versailles, for appellee.

STANLEY, Commissioner.

The appellants, descendants of John Bates, sued the appellee, Thomas Prather, to recover $25,000 damages for obliteration and desecration of the graves of the

deceased members of the family. They appeal a judgment for the defendant.

John Bates had laid aside. a small plot as a family burial place in a parcel of land he owned. In course of time he and twelve or fourteen others were buried there. The property passed out of the ownership of this family some years ago, and the appellee became the owner in 1949. There was no reservation of the graveyard in the deeds, but Prather knew about it.

The evidence of the plaintiffs is, in summary, that they had put a wire fence around the plot in 1940, attached to posts and trees and enclosing about one-half acre. There had been a rock fence around at least a part of it long before that time. The new fence took in a larger area for the purpose of making a place for others of the family. The graves were marked by field stones placed on end, except one that was flat on the ground. Several members of the family testified that in April, 1952, they had gone to the place and found Mr. Prather and his employee cutting up the graveyard with a tractor and harrow. However, he then insisted he was not touching any grave. These witnesses describe the results in detail and make out quite a strong case of invasion of the graveyard and the desecration of graves by leveling them and doing away with the stones.

On the contrary, Prather and several witnesses testified that in later years there was no fence around the burial plot; that it was in a grove of cedar trees, which had been cut down, and the remaining stumps marked the boundary. The harrowing described by the appellants' witnesses was outside the boundary of the burial plot, which was actually only about 50 x 60 feet in size. Care had been taken not to invade the graves and none were touched. The place had been permitted to grow up in briars, "polecat bushes" and weeds. Several photographs show this condition. They reveal the presence of stumps, some tombstone rocks and a general neglected and dilapidated condition.

It is probable that some parts of the one-half acre area claimed by the appellants as the burial plot was cleaned up by the appellee, but the appellants' evidence as to an invasion of the actual burial plot and of any graves is fully and completely contradicted.

This is simply a case of controverted evidence of facts which was submitted to a jury. A verdict for either party could be sustained. The only point made on the appeal is that the verdict for the defendant is contrary to the evidence. We find ample evidence to sustain the verdict.

The judgment is affirmed.